## Martin Howe versus Phinehas Gregory, Jun.

In a prosecution on the militia law, the defendant is entitled to prove disability, although he has neither the certificate of the surgeon of the regiment nor of the captain of the company. Costs not allowed on a writ of error where judgment is reversed for error in law.

This was a writ of error brought upon the judgment of a justice of the peace rendered upon the complaint of *Gregory*, clerk of a company of militia, against *Howe*, for unnecessarily neglecting to appear at ——, on ——, for the purpose of military exercise, &c., he being (as it was alleged) of the training band, and belonging to the said company, and being duly notified according to law, &c.

The original defendant, the now plaintiff in error, pleaded several pleas before the justice who tried the cause, in which judgment was rendered for the complainant. A bill of exceptions was [ * 82 ] filed, which came up in the case, and was as follows, * *viz.* :

" The defendant offers to prove, by the surgeons of the regiment and others, that at the time of the muster and training aforesaid, and before and until this time, he was and is a person infirm in body, and not an able-bodied man, capable of military duty ; and he is not admitted, because he has not complied with the requisitions pointed out in the 12*th section* of the *act passed March* 4, 1800, (*stat.* 1799, *c.* 73,) in addition to the act for regulating and governing the militia."

Divers errors were assigned, but as the opinion of the Court was given on that which was grounded on the bill of exceptions, it is not necessary to state them.

This case was argued on *Thursday*, the third day of the term, and on the last day of the term, the Court delivered their opinions.

Thacher, J., gave it as his opinion that the plaintiff in error was entitled to the evidence offered before *the justice* upon the trial, and that this having been refused, the judgment of the justice was erroneous, and ought to be reversed.

Sedgwick, J. This is a writ of error brought to reverse a judgment of a justice of the peace in favor of the *clerk* of a company of militia against the plaintiff in error, for the fine, imposed by law, for not appearing on the military parade, to perform his duty as a soldier, according to the warning which he had received.

The record is long, and, in many parts, not very intelligible. Many points have been made, and ably argued under the assignment of errors, on which it is unnecessary, in my opinion, to decide, because there is one which is conclusive on the merits.

The Court is informed judicially that on the trial, the plaintiff in

error, the original defendant, offered to prove that at the time he was directed to *attend on the military parade, he [ * 83 ] was not able-bodied, but infirm, and unable to attend.

This evidence was rejected; and if this rejection was wrong, the judgment must be reversed. If, indeed, it had been a trial by jury, according to the forms of the common law, a *venire facias de novo* ought to be awarded, that this evidence might, on a new trial, be admitted; but as the trial was before a single magistrate, I know of no means by which the case can, for that purpose, be remitted to him.

It appears that the evidence, *that the plaintiff in error was prevented from attending on the parade by reason of bodily infirmity,* was rejected on the idea that he could not avail himself of *that* excuse, unless he had previously obtained such a certificate as is mentioned in the 12*th sect. of the act of March* 4, 1800, (*stat.* 1799, *c.* 73.) The words of that section are, "That from and after the passing of this act, no non-commissioned officer or private soldier, belonging to any company of militia in this commonwealth, shall be exempted from military duty on account of bodily infirmity, unless he shall obtain a certificate from the surgeon or surgeon's mate of the regiment to which he belongs, if either of those officers are appointed in the regiment; if not, from a reputable surgeon or physician, living within the limits of the same, that he is unable to do military duty by reason of bodily infirmity; the cause of which is to be described in said certificate, and the officer commanding said company may, upon the back of said certificate, discharge the person named therein from doing military duty in said company, for such term of time as he shall judge reasonable; which certificate, if approved and countersigned by the officer commanding the regiment, battalion, or squadron to which said disabled person belongs, shall entitle him to a full exemption from military duty for the term therein specified."

*Although it is understood that the opinion of the justice [ * 84 ] who tried this cause is not singular, yet, to my judgment, nothing is more clear than that the exemption, contemplated by the act, which is to be the effect of this certificate, is to be commensurate with the infirmity which induces it, and is to continue for a length of time; and not an exemption which is to endure only for a single day. This is apparent, not only from the common sense and reason of the subject, but also from the words of the statute. What else can be the meaning that the certificate shall operate "a full exemption from military duty for the term therein specified?" What is the meaning of being exempted from military duty? Could it have been the intention of the legislature that a man not able-

bodied, but infirm and wholly unable, should be considered as a delinquent, and accordingly punished, if he had not been able to obtain a certificate, by reason, perhaps, of that very infirmity? Suppose the man insane; suppose him absolutely confined by a dangerous disease; or suppose him to break a limb while actually going to the place of parade, or a thousand other cases equally strong in point of reason; shall he be considered as criminal because he has not and could not have a certificate and an exemption consequent upon it? The supposition is monstrous. These certificates were, doubtless, intended only for cases where disability, by bodily infirmity, should be of some duration; and not such a disability as the plaintiff in error relied on as his excuse.

STRONG, J.  The evidence offered was rejected by *the justice* because, in his opinion, the law had provided a specific mode of proof. This is clearly an error, grounded on a misconception of the *act of March* 4, 1800, (*stat.* 1799, *c.* 73.)  *The justice* seems to have thought that the 12*th sect.* of *that act* extends to all [ * 85 ] cases; to particular as well as general inability.  * But it relates to exemptions for a term of time, which are to be expressed in the certificate; and it would be unreasonable to extend it to particular instances of inability.  The 20*th sect. of the act of June* 22, 1793, which has been mentioned in the argument, goes only to stopping *the clerk* from prosecuting in certain cases.  But if there *be* a prosecution, there is to be a trial; there can be none if the judgment of the justice in this case is right.  If *the justice* is not to try the cause, and has nothing to do but to issue his warrant of distress, why is the cause brought before him?  Why does the law authorize the party complained of to appear, to plead the general issue, and give any special matter in evidence?  All this trouble might be saved, and the officer issue the warrant of distress himself.  I am clearly of opinion that the evidence offered ought to have been admitted, and that the judgment must be reversed.

*Judgment reversed.* (1)

The counsel for the plaintiff in error moved for costs; but the Court said they never gave costs upon reversal of judgments, for *errors in law.*

*Bangs* and *T. Bigelow* for the plaintiff ⎫
*F. Blake* for the defendant ⎭ in error.

The Court directed their clerk to enter the reason of the reversal on the record, as follows, *viz.* "Because it appears to the Court here that the said justice refused to admit a surgeon and surgeon's

(1) Vide post, vol. **xi.** 540, *Commonwealth* vs. *Fitz Acc.*

mate, and other credible witnesses present before him, and offered by the said *Howe*, the plaintiff in error, on the trial aforesaid, on the general issue, to prove his infirmity of body and inability to do military duty, *it is considered* by the Court," &c.

———◆———

[ * 86 ]